UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRY L. FULK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 2:15-cv-32-WTL-MJD |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Terry L. Fulk requests judicial review of the final decision of the Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Fulk's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. The Court, having reviewed the record and the briefs of the parties, rules as follows.

### I.     APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 404.1520(b).[1] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d).  At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f).  At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the Administrative Law Judge ("ALJ")'s decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).  The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).  In order to be affirmed, the ALJ must articulate his analysis of the evidence in his

---

[1] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case.  For the sake of simplicity, this Entry contains citations to DIB sections only.

2

decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

## II.   BACKGROUND

Fulk protectively filed for DIB and SSI on August 12, 2013, alleging that he became disabled on July 28, 2013, primarily due to chronic obstructive pulmonary disease ("COPD"); hypertension; obesity; and coronary artery disease. Fulk was born on July 19, 1960, and he was fifty-three years old on the alleged disability onset date. Fulk has a high school education and has past relevant work experience as a mechanic repairer.

Fulk's application was denied initially on October 7, 2013, and upon reconsideration on December 2, 2013. Thereafter, Fulk requested and received a hearing in front of an ALJ. A video hearing, during which Fulk was represented by counsel, was held by ALJ William E. Sampson on September 15, 2014. The ALJ issued his decision denying Fulk's claim on November 13, 2014; the appeals council denied Fulk's request for review on December 9, 2014. Fulk then filed this timely appeal.

## III.   THE ALJ'S DECISION

The ALJ determined that Fulk will meet the insured status requirements of the Social Security Act through December 31, 2018. The ALJ determined at step one that Fulk had not engaged in substantial gainful activity since July 28, 2013, the alleged onset date. At steps two and three, the ALJ concluded that Fulk had the severe impairments of "chronic obstructive pulmonary disease ("COPD"); hypertension; obesity; and coronary artery disease," Record at 12, but that his impairments, singly or in combination, did not meet or medically equal a listed

impairment. At step four, the ALJ determined that Fulk had the Residual Functional Capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except that the claimant is never to climb ladders, ropes, or scaffolds; the claimant is limited to no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; the claimant must avoid concentrated exposure to extremes of heat and cold, humidity, and breathing irritants, such as fumes, odors, dusts, and gases.

*Id.* at 14. Given this RFC, the ALJ determined that Fulk was unable to perform any past relevant work. The ALJ found that transferability of job skills was not material to the determination of disability because the Medical-Vocation Rules supported a finding that Fulk was not disabled. The ALJ found that, considering Fulk's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. Accordingly, the ALJ concluded that Fulk was not disabled as defined by the Act.

## IV.     EVIDENCE OF RECORD

The medical evidence of record is aptly set forth in Fulk's brief (Dkt. No. 14) and need not be recited here. Specific facts are set forth in the discussion section below where relevant.

## V.     DISCUSSION

In his brief in support of his complaint, Fulk advances several objections to the ALJ's decision; each is addressed below.

### A. Weight Given to Treating Physician

Fulk argues that the ALJ failed to give adequate weight to the opinion of treating physician Dr. Pradip Patel and failed to comply with all provisions of 20 C.F.R. § 404.1527 in evaluating the treating physician's opinion.[2] An ALJ must give a treating physician's opinion

---

[2] Fulk also argues that the ALJ erred by finding that no treating or examining physician had found that Fulk was disabled or had limitations greater than those determined in the decision. Fulk points to Dr. Patel's assessment, which contains more limitations than the RFC found by

4

controlling weight if it is both "(1) supported by medical findings; and (2) consistent with substantial evidence in the record." *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (citing 20 C.F.R. § 404.1527(c)(2)). If the ALJ finds that the opinion is not entitled to controlling weight, the ALJ must still assess the proper weight to give to the opinion. *See id.* This requires consideration of several factors, including the "length, nature, and extent of the physician and claimant's treatment relationship, whether the physician supported his or her opinions with sufficient explanations, and whether the physician specializes in the medical conditions at issue." *Id.* (citations omitted). Fulk contends the ALJ ignored these requirements by erroneously discounting the opinion of treating physician Dr. Patel.

The ALJ gave "little if any weight" to the opinion of treating physician Dr. Patel. R. at 17. As Fulk concedes, the ALJ did provide a rationale for the weight given. Specifically, the ALJ found that Dr. Patel's medical source statement ("MSS") was internally inconsistent and was unsupported by Fulk's clinical record. The ALJ laid out his rationale as follows:

> For example, Dr. Patel reports that, at one time, the claimant is able to stand for one hour and walk for fifteen minutes. However, Dr. Patel further opines that the claimant, in an eight-hour day, is only able to stand for one hour and sit for fifteen minutes. It is exceptionally difficult to reconcile an individual who is able to accomplish said standing and walking exertional abilities *at one time* as being unable to participate in any more of the same activity during an eight-hour workday. Consequently, there is strong indicia that Dr. Patel fails to understand the evaluation process of a claimant's functional capacity. Moreover, said MSS is completely unsupported by the weight of the record. For example, there is little if any objective report in the record as to the claimant displaying difficulty with ambulation or lower extremity motor; therefore, an opinion that the claimant is only able to walk for fifteen minutes in an eight our [sic] day is clearly unsupported by the record. Based upon the internal inconsistencies and inconsistency with the weight of the record, Dr. Patel's MSS is afforded little to no weight.

---

the ALJ. In resolving the weight given to Dr. Patel's assessment, the ALJ should address Dr. Patel's findings with regard to Fulk's limitations.

5

R. at 17.

However, the ALJ's decision fails to address the length, nature, and extent of Dr. Patel's and Fulk's treatment relationship and whether Dr. Patel specializes in the medical conditions at issue. Further, as Fulk argues, the fact that Dr. Patel provided the same answer for two questions is not necessarily an indication that he failed to understand the evaluation process and his opinion should thus be discounted. Rather than make this assumption, the ALJ should have attempted to clarify any inconsistencies or lack of clarity. "An ALJ's conjecture is never a permitted basis for ignoring a treating physician's views." *Moss v. Astrue*, 555 F.3d 556, 560 (7th Cir. 2009). This issue requires remand.

### B. Obesity

Fulk also argues that the ALJ failed to consider the combined effects of obesity with other impairments and failed to analyze Fulk's obesity on its own or in combination to determine whether it met or equaled a Listing under SSR 02-1p.  SSR 02–01p notes that ALJs should consider the impact of obesity because "[o]besity can cause limitation of function" and "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity." SSR 02–01p. However, the ALJ did in fact consider Fulk's obesity. Specifically, the ALJ noted, "[p]ursuant to SSR 02-1p on obesity, since the claimant has at all times relevant to this decision been obese, the undersigned has considered the exacerbatory impact of this claimant's obese state in determining whether the claimant's impairments were of such severity as to meet or medically equal the relevant Listings." R. at 13. When considering Fulk's COPD, the ALJ indicated that he was "taking into account the claimant's obesity." R. at 16. Likewise, when considering Fulk's hypertention and the history of coronary artery disease ("CAD"), the ALJ indicated that he was "taking into consideration the claimant's obesity." *Id.*

6

Thus, the ALJ followed the Seventh Circuit's directive to "consider an applicant's medical problems in combination." *Goins v. Colvin*, 764 F.3d 677, 681 (7th Cir. 2014). Fulk does not point to limitations caused by his obesity that were not addressed by the ALJ.

## VI.     CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 3/17/16

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana



Copies to all counsel of record via electronic communication.